■ SILVANA SONNINO et al., Respondents, v. GOL-PAK CORPORATION et al., Appellants.— The defendants' car, following a stop at a stoplight at 42nd Street, was driven southerly on 12th Avenue. The car driven by the plaintiff Betty K. Brown and in which another plaintiff was a passenger had stopped, facing southerly, at the light on 41st Street. The testimony of

the defendant driver in his examination before trial was that, as he proceeded from 42nd Street, the light at 41st Street changed to green; and that as he approached 41st Street, the plaintiffs' car "was sitting at the green light". He further says in his affidavit that he "applied the foot brake and the emergency brake but the truck started to skid to the right on the wet cobblestones and the front of the truck just barely tapped the rear of plaintiffs' vehicle". Under the circumstances, bearing in mind that the defendant driver would have a right to assume that the plaintiffs' car would move ahead when the light changed to green, the issue of alleged negligence on the part of the defendant driver may not be disposed of as a matter of law. (See *Hajder* v. *G & G Moderns*, 13 A D 2d 651; *Gerard* v. *Inglese*, 11 A D 2d 381; *Mandell* v. *Field*, 11 A D 2d 1074; *Cooper* v. *Greyhound Bus Corp.*, 13 A D 2d 173.) Furthermore, in view of the testimony of the defendant driver to the effect that he was about stopped at time of contact and that the impact was light, there is an issue as to whether or not plaintiffs sustained any personal injuries as a result of the accident. (See *Ruppert* v. *Building Materials Dist.*, 10 A D 2d 621; *Rubin* v. *Andino*, 11 A D 2d 663.) Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.